UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LITTLE GEN TOYS LLC,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**THE LITTLE GYM INTERNATIONAL, INC.,**<br><br>　　　　Defendant. | Civil Action No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**ECF CASE** |

## NATURE OF ACTION

1. This is an action under the Lanham Act, 15 U.S.C. § 1501 *et seq.*, for a judgment declaring that Little Gen Toys LLC ("Plaintiff" or "Little Gen") has not infringed The Little Gym International, Inc.'s ("Defendant" or "LGI") purported rights in the marks THE LITTLE GYM, U.S. Trademark Registration No. 4522568, and [logo: The Little gym], U.S. Trademark Registration No. 4522569 (collectively the "LGI Marks").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121 for claims arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim in this Complaint occurred in this district.

## THE PARTIES

4. Plaintiff, Little Gen, is a limited liability company organized and existing under the laws of the State of New York, with a place of business located at 266 47th Street, Brooklyn, New York 11220.

5. Little Gen sells, advertises, markets, and promotes children's toys to consumers on Amazon.com under the trademark LI'L GEN.

6. Defendant is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 7500 North Dobson Road, #220, Scottsdale, Arizona 85256.

7. Defendant operates gyms for children under the highly descriptive mark THE LITTLE GYM.

8. Defendant regularly does business in the State of New York, including within the Eastern District of New York, and specifically in Brooklyn, Rockville Centre, Merrick, Levittown and Roslyn.

## FACTUAL BACKGROUND

9. Plaintiff Little Gen is a new company, having started its business in 2017. Since opening its business, Little Gen has developed a growing line of children's toys that it advertises, promotes, offers for sale on the online retail commerce website, Amazon.com.

10. As explained herein, Defendant LGI has objected to the present and future use of the marks LI'L GEN and LITTLE GEN and has accused Plaintiff of infringement of its trademarks.

## PLAINTIFF'S TRADEMARKS WERE APPROVED BY THE EXAMINING ATTORNEY AT THE U.S. PATENT & TRADEMARK OFFICE

11. On September 4, 2017, Little Gen filed two federal trademark applications with the United States Patent and Trademark Office ("USPTO").

12. The applications were filed as intent-to-use trademark applications under the provisions of the Lanham Act, 15 U.S.C. § 1051(b).

13. One of these applications is for the mark LI'L GEN, Application Serial No. 87595244. The second application is for the mark LITTLE GEN, Application Serial No. 87595248. Unless referred to individually, these marks are collectively referred to hereinafter as "Plaintiff's GEN Marks."

14. The goods listed under each of the applications for Plaintiff's GEN Marks are as follows:

> Children's educational toys for developing fine motor, cognitive oral language, numbers, counting, colors, shape and alphabet skills; children's multiple activity toys; bath toys; Toys, namely, children's dress up accessories; dolls and doll accessories; educational toys for developing fine motor, cognitive oral language, numbers, counting, colors, shape and alphabet skills; electronic learning toys; electric action toys; electronic action toys; electronic toy vehicles; electronically operated toy motor vehicles; drawing toys; play houses and toy accessories therefor; construction toys; crib toys; musical toys; play mats containing infant toys; battery operated action toys; mechanical action toys; mechanical toys; radio controlled toys, namely, cars, race cars, airplanes, boats, animals; remote controlled toys, namely, cars, race cars, airplanes, boats, animals; sketching toys; toy tools; toy vehicles

15. The applications for Plaintiff's GEN Marks each underwent a thorough examination at the USPTO by a qualified USPTO Examining Attorney.

16. Based upon the examination, the USPTO Examining Attorney approved both of Plaintiff's GEN Marks for registration.

17. In particular, in a Priority Action dated December 14, 2017 on each of Plaintiff's

GEN Marks, the Examining Attorney stated that he "has searched the USPTO's database of registered and pending marks **and has found no conflicting marks that would bar registration under Trademark Act Section 2(d)**. TMEP §704.02; see 15 U.S.C. §1052(d)." (Emphasis added.)

18. Thereafter, after submitting minor amendments which were approved by the Examining Attorney, both of the applications for Plaintiff's GEN Marks were published for opposition in the Official Gazette on February 20, 2018.

19. On March 22, 2018, on the last day of the opposition period, LGI sought an extension of time to commence an opposition proceeding ("Opposition") against the Plaintiff's application for LITTLE GEN.

20. Notably, LGI did not seek a corresponding extension of time to oppose Little Gen's other application for the mark LI'L GEN.

21. Accordingly, on April 17, 2018, the Examining Attorney issued a Notice of Allowance for the mark LI'L GEN in connection with the listed goods, as amended.

22. On November 23, 2018, Plaintiff filed a Statement of Use and specimens in connection with its application for the mark LI'L GEN.

23. Barring extraordinary circumstances, the application for the mark LI'L GEN is expected to proceed to registration by the USPTO in due course.

24. That LGI has allowed Plaintiff's application for the LI'L GEN mark to proceed to registration, without opposition, and despite knowledge of its existence further undermines its claim that there is any likelihood of confusion between the Plaintiff's GEN Marks and the LGI Marks.

25. With regard to Plaintiff's other pending application for the mark LITTLE GEN, on June 19, 2018, LGI sought a further extension of time to initiate the Opposition.

26. LGI followed up this request for an extension by filing a Notice of Opposition on August 20, 2018. Thus, the Opposition instituted by LGI with respect to the mark LITTLE GEN is pending at the USPTO.

## DEFENDANT'S ACCUSATION OF TRADEMARK INFRINGEMENT

27. On April 25, 2018, about a week after the Examining Attorney issued a Notice of Allowance for the mark LI'L GEN, but prior to LGI's initiation of the Opposition against the registration of the mark LITTLE GEN, LGI's counsel sent a cease and desist letter to Little Gen's counsel (hereinafter "Cease and Desist Letter", attached as **Exhibit A**). The Cease and Desist Letter asserted claims of trademark infringement with respect to both of the GEN Marks

28. The Cease and Desist Letter includes a caption that reads "Trademark Infringement."

29. On page 2 of the Cease and Desist Letter, LGI asserts that Plaintiff's GEN Marks are confusingly similar to the LGI Marks. In particular, LGI asserts that Plaintiff's GEN Marks and LGI Marks are highly similar to one another in sight and sound. LGI also asserts that Plaintiff's GEN Marks and LGI Marks have the same "connotation and commercial impression." Based on the foregoing, LGI asserts in the Cease and Desist Letter that Plaintiff's use of Plaintiff's GEN Marks infringes LGI's rights in the LGI Marks.

30. The Cease and Desist Letter further states:

> As you are aware, Little Gen's liability for trademark infringement is significant. Moreover, given LGI's well-known brand, we consider any use of confusingly similar trademarks by Little Gen to be willful infringement and LGI would seek enhanced damages and the recovery of attorneys' fees as permitted under the Lanham Act.

31. In the Cease and Desist Letter, LGI demands that Plaintiff (1) abandon its applications for the GEN Marks; (2) agrees to cease all use and refrain from future use of the GEN Marks and any other mark that contains the word LITTLE GEN, LI'L GEN or a confusingly similar term; and (3) agrees not to use the GEN Marks or any other similar mark in connection with children's learning toys.

32. Contrary to LGI's contentions, and consistent with those of the Examining Attorney who examined the applications for Plaintiff's GEN Marks, there is no likelihood of confusion between Plaintiff's GEN Marks and the LGI Marks.

33. Indeed, since initiating its sales on Amazon.com, there has not been a single instance of actual consumer confusion brought to the attention of Plaintiff.

34. This is quite understandable because Plaintiff's GEN Marks and the packaging of products that are advertised and sold in connection with Plaintiff's GEN Marks look very different than the LGI Marks, as demonstrated below:

| LI'L GEN PRODUCTS | THE LITTLE GYM PRODUCTS |
|---|---|
|  | |






 

35. Contrary to the contentions of LGI, Plaintiff's actual and proposed future use of Plaintiff's GEN Marks in connection with the advertising, marketing, offering for sale, and sale of children's toys and related products is unlikely to cause consumer confusion.

36. By virtue of the foregoing, Plaintiff is compelled to seek a declaration from this Court that it does not infringe LGI's trademarks and/or that LGI's asserted rights in the LGI Marks are invalid or unenforceable.

## COUNT I
## Declaration of Non-Infringement of the LGI Marks

37. Little Gen repeats and realleges the allegations set forth above in paragraphs 1 through 36 as though fully set forth herein.

38. An actual controversy has arisen and now exists between Plaintiff and Defendant concerning whether Plaintiff's GEN Marks infringe or are likely to infringe upon the LGI Marks.

39. LGI filed an Opposition to Plaintiff's trademark application for the LITTLE GEN mark despite knowing that any claim of infringement would be without merit.

40. LGI has also alleged infringement and the existence of consumer confusion relating to Plaintiff's LI'L GEN mark which is currently proceeding towards registration with the USPTO.

41. Consumers of children's products are not confused and are not likely to be confused as to the respective sources of products sold under the LGI Marks and Plaintiff's GEN Marks.

42. The scope of LGI's purported marks is considerably more narrow in scope than it asserts.

43. Therefore, Plaintiff does not infringe and is not likely to infringe LGI's trademark rights through the advertising, marketing, promotion, offer for sale, or sale of children's products and/or other products bearing Plaintiff's GEN Marks.

44. By virtue of the foregoing, Plaintiff desires a judicial determination of the parties' rights and duties with respect to the trademark rights asserted by LGI.

45. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A. Judgment declaring that the LGI Marks are not infringed by Plaintiff through its advertisements, marketing, promotions, offers for sale, and sales of products bearing Plaintiff's GEN Marks, and/or any other use thereof;

B. Judgment enjoining LGI from any Opposition and/or other actions that interfere with Plaintiff's application(s) for registration and/or which may seek cancellation of the GEN Marks at the USPTO;

C. Award of costs, expenses, and reasonable attorney's fees to Plaintiff as permitted by law; and,

D. Award of such other and further relief to Plaintiff as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a jury on all issues so triable.

**STERN & SCHURIN LLP**

By: /s/ Steven Stern
Steven Stern (SS 5203)
sstern@sternschurin.com
Richard S. Schurin (RS 0199)
rschurin@sternschurin.com
*Attorneys for Plaintiff*
*Little Gen Toys LLC*
595 Stewart Avenue
Suite 510
Garden City, New York 11530
Telephone: (516) 248-0300
Facsimile: (516) 283-0277

Dated: November 28, 2018
Garden City, New York

# EXHIBIT A



**Snell & Wilmer**
L.L.P.
LAW OFFICES

One Arizona Center
400 East Van Buren Street
Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000
www.swlaw.com

DENVER
LAS VEGAS
LOS ANGELES
LOS CABOS
ORANGE COUNTY
PHOENIX
RENO
SALT LAKE CITY
TUCSON

J. Damon Ashcraft
(602) 382-6389
dashcraft@swlaw.com

April 25, 2018

*VIA E-MAIL*
*CONFIRMATION BY FIRST CLASS MAIL*

Steven Stern, Esq.
Stern & Schurin LLP
595 Stewart Avenue, Suite 510
Garden City, New York 11530
sstern@sternschurin.com

Re:   Trademark Infringement

Dear Steven:

We understand that you represent Little Gen Toys, LLC ("Little Gen") with respect to two trademark applications recently filed for LITTLE GEN and LI'L GEN. Our firm represents The Little Gym International, Inc. ("LGI") in trademark matters. LGI is a leader in children's gym services and through its worldwide franchise system provides high quality gym and exercise studios for children. LGI also provides children's learning toys and motor development instruction services and has developed a strong brand around various trademarks associated with such products and related services, as evidenced by the following federal trademark registrations (collectively, the "Trademarks"):

- [The Little gym logo]: U.S. Trademark Registration No. 4522569 for "Learning toys for use in promoting development of throwing, jumping, flexibility, coordination, muscle control, agility, balance, gross motor and problem solving skills in children," filed May 29, 2012 and registered April 29, 2014;

- THE LITTLE GYM: U.S. Trademark Registration No. 4522568 for "Toys, namely, learning toys for use in promoting development of throwing, jumping, flexibility, coordination, muscle control, agility, balance, gross motor and problem solving skills in children," filed May 29, 2012 and registered April 29, 2014;

4850-7449-2513.2

Snell & Wilmer is a member of LEX MUNDI, The Leading Association of Independent Law Firms.

Snell & Wilmer
L.L.P.

Steven Stern, Esq.
April 25, 2018
Page 2

   LGI's rights in the Trademarks related to toys go back to at least 2012 and LGI has expended considerable resources promoting the Trademarks. The Trademarks have become well associated with LGI and its provision of high-quality children's learning toys and related services.

   LGI recently learned that Little Gen filed U.S. Trademark Application Serial Nos. 87595248 for LITTLE GEN and 87595244 for LI'L GEN on September 4, 2017, in relation to children's educational toys (the "Gen Marks"). The filing dates for the Gen Marks is years after LGI's trademark rights began to accrue.

   The Gen Marks are confusingly similar to the Trademarks. First, the Gen Marks are highly similar in sight and sound to the Trademarks. In this case, the Gen Marks and the Trademarks all have "Little" (or the shorthand version "Li'l") in the marks. The Gen Marks also contain "Gen," a one syllable word that looks and sounds nearly identical to LGI's "Gym." Second, the Gen Marks are associated with highly similar goods to those associated with the Trademarks: children's learning toys. With such similarities in sight, sound, and associated goods, the Gen Marks and the Trademarks also have the same connotation and commercial impression. Accordingly, your client's use of the Gen Marks would infringe LGI's rights in the Trademarks.

   As you are aware, Little Gen's liability for trademark infringement is significant. Moreover, given LGI's well-known brand, we consider any use of confusingly similar trademarks by Little Gen to be willful infringement and LGI would seek enhanced damages and the recovery of attorneys' fees as permitted under the Lanham Act.

   Despite the infringement of LGI's rights, LGI believes that an amicable resolution to this dispute can be achieved. To that end, LGI will not take any action against your client if Little Gen: 1) abandons the U.S. Trademark Applications for the Gen Marks, 2) agrees to cease all use, and refrain from future use, of the Gen Marks and any other mark that contains the word "Little Gen," "Li'l Gen," or a confusingly similar term, 3) agrees not to use the Gen Marks or any other similar mark in connection with children's learning toys.

4850-7449-2513.2

Snell & Wilmer
L.L.P.

Steven Stern, Esq.
April 25, 2018
Page 3

    Please contact me no later than **May 8, 2018** to confirm Little Gen's intent to comply with LGI's requests. If we do not hear from you, we will assume that Little Gen is not interested in an amiable resolution, and we will advise LGI accordingly.

Sincerely,

SNELL & WILMER L.L.P.

J. Damon Ashcraft

JDA:db

4850-7449-2513.2